## TEXAS MEXICAN RAILWAY COMPANY v. BERNARDO TRIJERINA.

### Decided May 20, 1908.

**1.—Personal Injury—Sliver from Chisel—Danger not Incident to Employment.**

In a suit for damages for the loss of an eye caused by a sliver from a chisel while being used to cut an iron rail, evidence considered, and held to show that the danger from the sliver was not incident to plaintiff's employment as a section hand on a railroad, and sufficient to support a finding that the defendant company was negligent in the use of an old and battered chisel.

**2.—Appeal—Motion for New Trial—Practice.**

An assignment of error not specified or relied upon in the motion for new trial will not be considered on appeal.

**3.—Personal Injury—Assumed Risk—Knowledge.**

In a suit by an employe for damages for the loss of an eye caused by a sliver from a chisel used in cutting a rail, the plaintiff testified: "After they began to cut the rail I got up to avoid the danger of slivers flying off from the chisel and hammer, because I have seen it occur at other times." Held, not sufficient to show such knowledge of the immediate danger from the use of the hammer and chisel as would place the plaintiff in the position of assuming the risk, as matter of law.

**4.—Assumed Risk—Act Construed.**

Under the Act of 1905 on the subject of assumed risk, an employe of a railroad company does not as matter of law in every case assume the risk of a defect and danger which he knows of, but whether he does or not depends on whether or not his proceeding with the work is reconcilable with ordinary care. Evidence considered, and held insufficient to show assumption of risk, as matter of law.

**5.—Evidence—Occurrence—Physical Impossibility.**

Whether or not it was a physical impossibility for a sliver to fly from the head of a chisel in an upward direction from the blow of a hammer, so as to strike the eye of a person standing four or five feet away, is a matter upon which an Appellate Court has no judicial knowledge.

Appeal from the District Court of Webb County. Tried below before Hon. J. F. Mullally.

*E. A. Atlee,* for appellant.

*Bertrand & Arnold,* for appellee.

JAMES, CHIEF JUSTICE.—Appellee sued for damages, alleging that he was a section hand; that he and two other employes of defendant were engaged in cutting a rail; that plaintiff was stationed on the rail to hold it steady while another employe held a chisel against the rail, and the other employe was hammering the same; that the heads of the hammer and chisel were in a defective condition, and while thus working a sliver flew off from said chisel or hammer and struck plaintiff in the eye; that the work was being done at night, and under the immediate direction of a foreman; that the manner of doing the work was unsafe and dangerous; that plaintiff was inexperienced in reference to such work, and did not know the danger of doing the work in the manner in which it was done, and that the manner of doing the work and the condition of said tools were negligence, and the same caused plaintiff's injury.

The defenses were: Risk incidental to plaintiff's employment, risk which plaintiff knew or should have known, and contributory negligence. Plaintiff recovered judgment for $3,000.

In deference to the verdict, and upon what appears in the evidence, we conclude that defendant was negligent, that plaintiff was not guilty of contributory negligence, and did not assume the risk of the danger; that defendant's negligence led to his injury, and that plaintiff's injury was caused by a sliver from the head of the chisel.

Inasmuch as there was evidence to show that the chisel was old, and was so much battered that its head had turned down and was mashed on the side; that several slivers had already been broken off of it; that

a chisel in that condition should have been sent in to be repaired, instead of being used; that it never happens that a sliver flies off the chisel when in good condition, as one witness stated; and, as another puts it, that it is more likely that slivers will fly off from an old, battered chisel, than from one in good condition; and inasmuch as it appears that the foreman went and procured the chisel for the work, and that plaintiff did not examine or see it, it seems to us that the first assignment of error cannot be sustained, which contends that the danger to employes from the flying off of slivers was a danger ordinarily incident to the work, and which also contends that there was no negligence on the part of the foreman in furnishing the chisel.

An examination of the motion for new trial shows that appellant did not ask for a new trial upon the ground of assumed risk, except in reference to the risk being one of the ordinary risks of plaintiff's employment. There was nothing in the motion for new trial which claimed that he had assumed the risk because of any knowledge of the defect and danger, and it would, therefore, seem that no such contention can be now urged. The trial court had its attention directed to assumed risk in the form of risk ordinarily incident to the work being done, and, as we have seen, there was evidence which warranted the court in denying this ground of the motion; and what is stated above disposes of the question of assumed risk entirely so far as this appeal is concerned.

However, in order for the judgment to be held incorrect in respect to assumed risk depending on knowledge, we would have to be able to say that there was no testimony authorizing a finding that plaintiff had no knowledge of the danger which led to his injury, or that the evidence conclusively shows he had, or must have had, such knowledge. Appellant says that the following portion of appellee's testimony demonstrates that he knew the danger: "After they began to cut the rail I got up to avoid the danger of slivers flying off from the chisel and hammer, because I have seen it occur at other times." Appellee had been sitting on the rail, and testified: "Afterwards, thinking I ran more danger that way, I stood up, because I was very near where they were cutting."

It is true that this shows that appellee had some apprehension of slivers. This, however, may be accounted for without actual knowledge on the part of plaintiff of the real danger inherent in the particular work. Plaintiff says that he had the apprehension because he had seen slivers fly off at other times. Naturally a person standing close to where a chisel was being hammered would think of the liability or possibility of particles of metal being knocked off, though he may have good reason to believe there was no real danger of it. This would not necessarily constitute knowledge of the danger. If he had known of the battered condition of this chisel, or if in the use of this chisel he had known of slivers being sent out from it, then it could have been said that he knew of the danger that was before him. But he did not know the battered condition of this instrument, had not seen it, and the sliver which struck his eye was sent out by the very first blow. He had the right to rely upon the chisel being in a proper condition to do the work safely, and there was testimony that a proper one would not have had the tendency to throw off slivers, and, therefore, had it been

a proper one, the danger, though possible, was not really to be expected. Consequently, though a sense of such a danger may have occurred to plaintiff's mind in connection with the work, the danger, as it existed in consequence of the use of a worn and battered chisel, which proved to have a high tendency to cast off slivers, which he did not know of, and which danger was created by defendant's negligence, which plaintiff had no occasion to anticipate, ought not to place plaintiff in the position of assuming the risk of such a danger as a matter of law.

In addition to the above, this accident occurred since the statute was enacted in 1905 on the subject of assumed risk. As we understand the Act, the rule is changed so that an employe of a railway company does not now, as a matter of law, in every case, assume the risk of a defect and danger which he knows of, but that whether he does or not depends on whether or not his proceeding with the work is reconcilable with ordinary care. The testimony in this case admitted of finding that a person of ordinary care would have acted as plaintiff did, even had it conclusively appeared that plaintiff knew of the defect and the danger as it existed, which, however, was not the testimony.

There is a contention of fact made by appellant in effect that it was a physical impossibility for a piece to fly from the head of the chisel in an upward direction so as to strike the eye of a person standing four or five feet away. This is something that we cannot declare as a rule of physics. A witness testified: "No man knows what direction a sliver will fly, nor can he tell what direction any sliver will take."

The evidence does not bear out the second assignment, which is that the evidence established that plaintiff was guilty of contributory negligence.

*Affirmed.*

Writ of error refused.